```
         FILED          RECEIVED
         ENTERED        SERVED ON
                        COUNSEL/PARTIES OF RECORD

              JUL - 2 2007

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
    BY:                         DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES, | 3:06-cr-0042-BES-RAM |
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| LISA M. GETAS, | |
| Defendant. | |

Defendant Lisa M. Getas was tried before this Court, without a jury, for making and subscribing a false return, statement or other document, in violation of 26 U.S.C. § 7206(1), and for aiding and assisting in the preparation and presentation of false and fraudulent income tax returns, in violation of 26 U.S.C. § 7206(2).

The trial commenced on March 26, 2007 and concluded on March 30, 2007. Thereafter, the parties submitted to the Court their proposed findings of fact and conclusions of law. After a review of the evidentiary record, the Court now enters the following Findings of Fact and renders its Conclusions of Law to find Defendant Getas GUILTY on Counts One, Two and Three of the Indictment and NOT GUILTY on Counts Four and Five of the Indictment.

## I. FINDINGS OF FACT

1. Defendant Getas is a Nevada-licensed chiropractic doctor doing business as Lisa Bray-Getas, Ltd. ("LBGL"), a Nevada subchapter "S" corporation.

2. Defendant is the sole officer, director and shareholder of LBGL.

3. In December 1998, Laughlin and Associates, Inc. formed a Nevada subchapter "C" corporation called Charter Medical Management, Inc. ("CMMI").

4. CMMI provided bookkeeping services for Andrew Getas, DDS, who is Defendant's husband.

5. CMMI's sole employee was Gale Stewart, who provided bookkeeping services for CMMI and Andrew Getas, DDS.

6. Betty Kruk ("Kruk"), Defendant's mother, served as the nominee president, secretary, treasurer, and sole director of CMMI. Kruk was also the sole shareholder of CMMI.

7. In late 1998 or early 1999, Defendant paid Joseph Norris ("Norris"), the owner and sole shareholder of Corporate Resolve, Inc., to purchase on her behalf control of an offshore corporation called Western Capital Partners, Ltd., ("WCP") a Nevis, West Indies corporation.

8. Norris purchased WCP through the Nevis American Trust Company ("NATCO"), which was based in Nevis, West Indies.

9. Defendant controlled WCP.

10. NATCO "pooled" bank accounts, whereby it combined between one hundred and two hundred clients' offshore corporate deposits at the Bank of Montreal and the Bank of Nevis. NATCO also utilized "warehouse" bank accounts to avoid the establishment of individual client bank accounts and to prevent discovery of the balance of funds in an individual client bank account.

11. NATCO established an account for WCP. During the years 1999 to 2001 Defendant wire transferred funds to NATCO from LBGL for credit to WCP and deposit by NATCO into a pooled account, and caused a portion of these funds to be fraudulently claimed and deducted as business expenses on LBGL tax returns.

12. Defendant repatriated the funds that she wire transferred from LBGL to WCP back to LBGL and herself, falsely declaring them as loan proceeds from WCP. Defendant used the repatriated funds for her personal benefit.

13. Defendant retained Kimberly Steele ("Steele") to prepare the 1999, 2000 and 2001 Corporation Income Tax Returns, Forms 1120S, for LBGL. Steele used information that Defendant created and included false business expense entries that were actually

funds wire transferred from LBGL to Defendant's WCP account at NATCO.

14. Defendant signed the 1999, 2000 and 2001 Corporation Income Tax Returns, Forms 1120S, for LBGL and caused them to be filed with the Internal Revenue Service ("IRS"), well knowing that they included deductions for wire transfers that were falsely classified as business expenses.

15. Defendant retained Steele to prepare her 1999, 2000 and 2001 Individual Income Tax Returns, Forms 1040.

16. Defendant signed her 1999, 2000 and 2001 Individual Income Tax Returns, Forms 1040, and caused them to be filed with the IRS, well knowing that they materially under reported her taxable income and tax due and owing in that they included fraudulently under reported flow-through income from LBGL's Corporation Income Tax Returns, Forms 1120S.

17. To support the false characterization of her offshore wire transfers as mortgage payments, Defendant used a falsified promissory note and deed of trust between LBGL and WCP as borrower and lender, respectively, that were prepared by an attorney, Steven Stucker ("Stucker").

18. The falsified promissory note and deed of trust between LBGL and WCP were used by Defendant to create the appearance that LBGL's business office building was encumbered by a lien that secured a mortgage loan from WCP.

19. The fraudulent deed of trust used by Defendant and prepared by Stucker was never filed or recorded with any government entity.

20. Defendant paid exorbitant interest and other loan fees in connection with the purported loan between LBGL and WCP for the purpose of creating false income tax deductions.

21. Defendant sent several wire transfers to NATCO in Nevis, West Indies for deposit to her WCP account before she received her first disbursement from WCP disguised as loan proceeds.

22. Defendant made and subscribed a return, statement, or other document which was false as to a material matter, namely her Individual Income Tax Returns, Forms 1040,

for 1999, 2000 and 2001.

23. Defendant's Individual Income Tax Returns, Forms 1040, for 1999, 2000 and 2001 contained written declarations that they were made under the penalties of perjury.

24. Defendant did not believe her Individual Income Tax Returns, Forms 1040, for 1999, 2000 and 2001 to be true and correct as to every material matter.

25. Defendant falsely subscribed to her Individual Income Tax Returns, Forms 1040, for 1999, 2000 and 2001, willfully, with the specific intent to violate the law.

## II. CONCLUSIONS OF LAW

### A. Counts One, Two and Three

The Court finds, consistent with its factual findings and its evaluation of the credibility of the witnesses, that the Government has proven beyond a reasonable doubt that (1) the Defendant made and signed Individual Income Tax Returns for the years 1999, 2000 and 2001 that she knew contained false information as to a material matter; (2) these returns contained a written declaration that they were being signed subject to the penalties of perjury; and (3) in filing these false tax returns, the Defendant acted willfully.

### B. Counts Four and Five

The Court finds, consistent with its factual findings and its evaluation of the credibility of the witnesses, that the Government has failed to prove beyond a reasonable doubt that (1) the Defendant willfully assisted or advised any person in the preparation of Corporation Income Tax Returns for CMMI for the years 2000 and 2001 that were false; and (2) these returns were false as to something necessary to a determination of whether income tax was owed.

///
///
///
///
///
///

4

### III. CONCLUSION

For the foregoing reasons, the Court finds Defendant Lisa Getas GUILTY on Counts One, Two and Three of the Indictment and NOT GUILTY on Counts Four and Five of the Indictment.[1]

IT IS SO ORDERED this 2nd day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[1] During trial Defendant made an oral motion, pursuant to Rule 29, for a directed verdict. The Court finds Defendant's motion moot in light of the Court's findings of facts and conclusions of law as set forth herein.